## HODSON v. UNITED STATES.

(Circuit Court of Appeals, Eighth Circuit. March 11, 1918.)

No. 4970.

1. CRIMINAL LAW ⬿901—TRIAL—DEMURRER TO EVIDENCE—WAIVER.
   A demurrer to the evidence at the close of the case for the prosecution is waived by defendant by introducing evidence in defense.

2. INDIANS ⬿38(1)—INTRODUCING LIQUORS INTO INDIAN COUNTRY—TRIAL—DIRECTION OF VERDICT.
   In a prosecution for introducing liquor from without the state into an Oklahoma county, which was formerly in Indian Territory, evidence *held* sufficient to warrant submission of the case to the jury.

3. WITNESSES ⬿255(4)—EXAMINATION—USE OF WRITING TO REFRESH MEMORY.
   A witness may, while under examination, refresh his memory by the use of a writing not made by himself, which he read or thoroughly ex-

⬿For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

amined while the facts were fresh in his recollection, and which he then knew stated the facts correctly.

In Error to the District Court of the United States for the Eastern District of Oklahoma; Ralph E. Campbell, Judge. ·

Criminal prosecution by the United States against E. Hodson. Judgment of conviction, and defendant brings error. Affirmed.

Kelly Brown, of Muskogee, Okl. (N. B. Maxey, of Muskogee, Okl., on the brief), for plaintiff in error.

Walter J. Turnbull, Asst. U. S. Atty., of Muskogee, Okl. (W. P. McGinnis, U. S. Atty., and Paul Pinson, Sp. Asst. U. S. Atty., both of Muskogee, Okl., on the brief), for the United States.

Before SANBORN, Circuit Judge, and TRIEBER and YOU-MANS, District Judges.

SANBORN, Circuit Judge. The defendant below, E. Hodson, was indicted, convicted, and sentenced for introducing liquor from without the state of Oklahoma into the county of Muskogee, in that part of the state of Oklahoma that was within the Indian Territory prior to the admission of the state into the Union. He assigns four errors in his trial.

[1] The first is that the court erred in overruling his demurrer to the evidence at the close of the plaintiff's case; but the defendant waived this objection by subsequently introducing evidence in his defense.

[2] The second is that the court denied his request at the close of all the evidence to direct the jury to return a verdict in his favor, and it presents the question whether or not there was any substantial evidence at the trial of his guilt. The record contains substantial evidence of these facts:

On July 11, 1916, Mr. Blake, a deputy United States marshal, seized, at the depot of the Missouri, Kansas & Texas Railway Company in Muskogee, Okl., a worn cloth or canvas covered trunk bound by ropes and without an effective lock, which contained ten gallons of whisky and had attached to it baggage check No. 164837 of the railway company, Muskogee to Tulsa. The marshal left the trunk at the depot and destroyed the whisky. On September 11, 1916, the defendant presented to Mr. Post, the station agent of the railway company at Tulsa, the stub or claim check of the railway company, Muskogee to Tulsa, No. 164837, and claimed a lost trunk thereon. On July 10, 1916, passenger train No. 10 of the railway company from Muskogee to Sedalia, Mo., was due to leave Muskogee about 4:30 a. m. and to arrive at Sedalia at about 1:15 p. m., and passenger train No. 9 was due to leave Sedalia at about 4:05 p. m. and to arrive at Muskogee at about 12:20 night. About 4 a. m. on July 10, 1916, a man who Mr. Wilson, the baggageman of the Railway Company at Muskogee, testified he thought, but was not sure, was the defendant, presented to him a card ticket from Muskogee to Sedalia and asked him to check, and he did check and ship, to Sedalia on train No. 10 that morning, a trunk which was bound by rope and was so light that he asked if it was empty, because there was a rule against shipping empty trunks, and the man said it contained his work clothes and he was going to Sedalia. When

train No. 9 from Sedalia came into Tulsa that night the trunk came back bearing check No. 157699, Sedalia to Muskogee, the same man who had caused it to be checked to Sedalia the morning before applied on the arrival of this trunk for it and caused it to be shipped to Tulsa under the direction of the same baggage agent at Muskogee under check No. 164837. This baggage agent handled the trunk when it was sent to Sedalia and when it was returned to Muskogee, and it was light when it went out and heavy when it came back. On July 10, 1916, the baggage agent of the railway company at Sedalia checked a piece of baggage with check No. 157699 from Sedalia to Muskogee and this trunk, which returned to Muskogee on the night of July 10, 1916, bore upon it the check No. 157699, Sedalia to Muskogee.

This brief statement of the more material part of the evidence produced by the government has satisfied the court that, while all this evidence is circumstantial, it points so directly to the conclusion that the defendant caused the whisky to be introduced from Sedalia, Mo., into the county of Muskogee, that a decision cannot be rightfully rendered that it was the duty of the court below to withdraw this evidence from the jury.

The third assignment of error is directed to the last paragraph in the charge of the court, but the bill of exceptions shows that, before exception to it was taken, the jury retired, that when counsel for the defendant attempted to take his exception the court remarked, "That is to be taken in the presence of the jury," and counsel for the defendant replied, "Well, since the jury has retired, I will waive it then." It is too late to revoke the waiver, to move to recall the jury, and to take the exception after the case has reached this court on error; and this assignment is dismissed.

[3] The fourth complaint is that the court erred in permitting the baggage agent at Muskogee to testify to the number of the check on the trunk when it came back from Sedalia to Muskogee, after refreshing his memory by the use of the waybill, "for the reason," as counsel stated at the trial, "that the testimony has showed that this is an instrument which was made from the original record, which was made by some party other than this witness, and for this reason the same is irrelevant, incompetent, and immaterial." If this objection stated all the evidence which had been received before it was made, and which conditioned the introduction of the testimony to the number of the check, it would be fatal to the trial. But Mr. Wilson had testified that he was the baggageman of the railway company at Muskogee; that it was his duty to receive from passengers, to check, and to ship outbound baggage, and to deliver to passengers in-bound baggage; that when passenger train No. 9 arrived from Sedalia, about 12:20 in the night of July 10, five pieces of baggage came from it to Muskogee, one of which was the trunk which had been sent to Sedalia; that in the ordinary course of business, when a piece of baggage would come to Muskogee on a train a baggageman's waybill would come to him from the train baggageman tied up with the Muskogee mail; that on that night he received the baggageman's waybill train No. 9 made on the 7—10—16 for the five pieces of baggage put off at Muskogee, which

waybill was marked Exhibit A; that he saw that waybill that night; that he checked the baggage against it and signed it that night; that at that time he knew the number of the check on the trunk in question; that he noted it accurately and that he made a record of it, but that he did not have his own record in the courtroom; and that the waybill Exhibit A was the waybill such as is received and made a part of the records of the railway company in transactions of the kind under consideration. Thereupon this colloquy between the court and the witness followed:

"The Court: Q. Now, by reference to that, did you make any part of that statement there? A. I signed it. Q. You signed it? A. Yes, sir; I checked the baggage against the waybill and signed the waybill. Q. You checked this instrument which you have in your hand against the baggage? A. I did. Q. Have you checked that—did you check that against this particular piece of baggage about which you are testifying? A. I did. Q. Did you at the time find that the number of the baggage stated on the waybill which you have in your hand corresponded with the number on the check of this particular trunk? A. Yes, sir. Q. Can you now state that those figures that are given as the numbers of the check on that particular trunk correctly state what that number was? A. I can. Q. Can you by reference do that now, so as to refresh your memory, so as to state to the court what the number of that check was? A. Yes. Q. You may state."

Counsel then objected to the answer on the grounds stated above, the witness answered "157699," and an exception was allowed. There was no error in the admission of this testimony. A witness may, while under examination, refresh his memory by the use of a writing made by himself at or so near the time of the transaction that the facts are fresh in his memory, or by the use of any writing, not made by himself, which he read or thoroughly examined while the facts were fresh in his recollection, and which he then knew stated the facts correctly. 1 Greenleaf on Evidence (15th Ed.) § 436; Commonwealth v. Ford, 130 Mass. 64, 67, 39 Am. Rep. 426; Putnam v. United States, 162 U. S. 687, 694, 16 Sup. Ct. 923, 40 L. Ed. 1118; The J. S. Warden, 219 Fed. 517, 521, 135 C. C. A. 267.

The judgment below is affirmed.